## OSTER v COLUMBIAN NAT'L FIRE INS CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9593.  Decided March 11, 1929

Mr. Willis R. Diehm, Cleveland, for Oster.

Messrs. Mooney, Hahn, Loeser & Keough, Cleveland, for Columbian Nat'l Fire Ins Co.

SULLIVAN, J.

It appears from the record that, after a total loss by fire, the plaintiff delivered

his policy insuring property upon which there had been a partial loss theretofore to the Company, and which the Company retained until after a year had expired from the date of the loss, and it is important to remember this because one of the provisions of the policy declared that a period of a year from the date of loss was the limitation for the commencement of a suit to recover under the terms of the policy. It is claimed by the assured that by fraudulent design the Insurance Company retained the policy until after the expiration of the year, for the purpose of defeating the claim for the insurance under the terms of the policy. To bear out this contention, from an examination of the amended petition and the opening statement, it is claimed that, after numerous efforts to secure redelivery of the policy, it was not retransferred, and that then and thereby it resulted that suit could not be commenced within the year because, on account of the retention of the policy by the Insurance Company, he had no means of knowledge as to the limitation of one year during which suit might be commenced. Thus, a waiver was claimed by the pleading and the opening statement, either expressly or inferentially, that this lack of knowledge on the part of the plaintiff as to the particular provision relating to time, was due to the retention of the policy during the year, but such a contention we do not think is the basis for a waiver or estoppel, for the reason that to hold thus, would be straining the law to that extent which would hold the Insurance Company not only responsible for its own knowledge of the provisions of the insurance contract, but also for the knowledge or deficiency of knowledge of the assured, the other party to the mutual contract. Therefore, it is our conclusion upon this point that, with this admission in the amended petition and the opening statement, the plaintiff makes it plain and clear that there could be no recovery upon this ground, because the peril and penalty of want of knowledge as to the terms of the contract were just as applicable to the plaintiff as to the defendant, and this situation is accentuated by the allegation in the amended petition and the opening statement that, for a considerable time before the expiration of the year in question, the Insurance Company had denied to plaintiff any and all liability under the terms of the policy.

The deprivation of knowledge by one party to the contract as to the terms of the same is not the basis or foundation for waiver; because of the proposition of law that, in the absence of fraud, each party to an instrument of writing is equally charged with knowledge of the terms of the instrument which they execute.

That parties to an insurance contract may provide a limitation within which suit must be commenced, providing the same is not unreasonable, is the settled law of Ohio, as laid down in **Appel vs. Cooper Insurance Co., 76 OS. 52,** and upon the doctrine that an Insurance Company can commit no act which is a waiver of that knowledge which the other contracting party is presumed by law to possess, we also find support in the reading of the opinion in that case, as well as in **Stradley vs. Hartford Insurance Company, 21 N. P. N. S. 286,** and many other authorities, all of which are to the effect that a provision in an insurance policy duly delivered and accepted fixing a period in which suit must be commenced, is legal and binding upon the parties.

In the ultimate analysis of the issue under discussion, it seems to us clear that there was no error of a prejudicial nature in the ruling of the court in sustaining the motion for judgment in favor of the defendant Insurance Company, on the amended petition and the opening statement of counsel, and rendering judgment as a matter of law for the defendant.

It is asserted that we have no jurisdiction for the reason that these proceedings in error to reverse the judgment below were in violation of **12270 GC.**, which provides that no proceedings to reverse, vacate, or modify a judgment or final order shall be commenced unless within seventy days after the entry of the judgment or final order complained of. The judgment was rendered May 17th, 1928.

The record herein shows that the plaintiff did not file his bill of exceptions until July 19th, 1928 which was over forty days after the judgment, and the petition in error and transcript were not filed until August 16th, 1928, a period of ninety-one days after the entry of the judgment, notwithstanding the statutory time of seventy days after the entry of the judgment provided for in **12270 GC.**

In the case of **Young vs. Shallenberger, 53 OS. 291,** we find authority for declaring that, under the record, this court is without jurisdiction, by reason of the non-compliance with the section of the Code above quoted.

In the case of **Craig vs. Welply, 104 OS. 312,** our Supreme Court held that the time begins to run from the date of the judgment sought to be reversed, and not from the overruling of the motion for a new trial in the case, and we find the same reasoning in the well known case of **Wells vs. Wells, 105 OS. 471,** where the court again holds that the seventy days begin to run from the date of the entry of the decree and not from the date of the overruling of the motion for a new trial.

In the case at bar it is argued by able counsel for the plaintiff that the entry of judgment for the defendant was made prior to the filing of a motion for a new trial and that, therefore, the judgment was invalid, because the plaintiff had the statutory time, subsequent to the entry of the judgment for filing a motion for a new trial, to have the same sustained or overruled, but as we view the question, the court below was determining a question of pure law arising from the amended petition and the opening statement, and the motion was not for a directed verdict, but for a judgment arising from these two propositions in favor of the defendant.

It is argued that when the opening statement was made and when the court thereupon acted, that the situation was equivalent to that period in the trial of a case where the court might act upon a a motion to direct a verdict at the conclusion of plaintiff's evidence. We do not think, however, that there is any basis for this claim, for that proposition assumes that, no matter what the opening statement might be, the court would be barred from taking into consideration the competency or incompetency of any evidence which in the opening statement plaintiff's counsel might offer to prove. This right the court had, and thus there was nothing left but a legal question, and consequently a motion for a new trial was not necessary and, therefore, the plaintiff lost no legal rights when the court rendered judgment for the defendant, and because of those premises, it is conclusive that this reviewing court is without jurisdicton by reason of the non-compliance with **12270 GC.**

These being our views, the motion to dismiss the petition in error is sustained, and an entry may be made accordingly.

Vickery, PJ and Levine, J, concur.