BARNES, APPELLEE, *v.* MOTORISTS MUTUAL INS. CO., APPELLANT.

[Cite as Barnes v. Motorists Mut. Ins. Co. (1971), 29 Ohio App. 2d 167.]

(No. 11413—Decided March 15, 1971.)

*Messrs. Purcell, Sullivan & Young,* for appellee.

*Messrs. Rendigs, Fry, Kiely & Dennis* and *Mr. William P. Schroeder,* for appellant.

YOUNG, J. This action comes to this court upon appeal from a judgment on a jury verdict in the Hamilton County Municipal Court in favor of the plaintiff.

The original action was commenced on November 28, 1969, seeking recovery for damages to plaintiff's premises during a severe hailstorm on April 23, 1968. The parties will be referred to herein as they appeared in the trial court.

Plaintiff was the owner of an insurance policy issued by defendant, which policy insured the premises of the plaintiff from loss by windstorm or hail.

Plaintiff alleges in her petition that the difference in value of her property immediately before the hailstorm and immediately thereafter was $397. Plaintiff alleges further that timely notice was given to the defendant and that she had fulfilled all her obligations under the policy.

The defendant filed an answer, admitting that a policy was issued to the plaintiff and that it was in full force and effect on April 23, 1968, but denying all other allegations in the petition.

The defendant subsequently filed an amended answer, setting up three specific defenses. The first was a general denial. The second alleges that plaintiff failed to comply with the terms of the policy by giving immediate written notice of the loss and that she failed to provide a signed and sworn written proof of loss within 60 days after the alleged loss occurred.

The third defense alleges that the insurance policy, which is the subject of the action, provides that no suit or action shall be sustainable at law or equity unless all requirements of the policy have been complied with and unless such suit or action is commenced within 12 months next after the inception of the loss.

The amended answer alleges further that plaintiff fail-

ed to comply with the terms of the policy and failed to commence the action within 12 months of the alleged loss.

Plaintiff's Reply To Amended Answer specifically denied the allegations of the second and third defenses and alleged there were no provisions in the policy issued to plaintiff as claimed in those defenses.

Upon trial of the cause, a jury of six was impanelled and testimony received as to the issuance of the policy of insurance and as to the alleged loss and subsequent events related thereto.

At the close of the evidence, counsel for the defendant moved for a directed verdict on several grounds, first, that there was no evidence to support the claim of damage as the result of a hailstorm on April 23, 1968. The second ground was that defendant was entitled to a verdict as a matter of law since the evidence disclosed that the lawsuit was commenced more than 12 months after inception of the loss. The third ground was that the question of damages was not properly presented by the plaintiff, that plaintiff could only recover a sum "actually expended," and that it was undisputed that no sums had been expended at the time of trial.

The defendant's assignment of error is that the trial court should have sustained the foregoing motion for the reason that the suit was barred as a matter of law by the policy limitation requiring suit to be commenced within 12 months after the inception of the alleged loss. Therefore, this court will not pursue the other two branches of the motion made by defendant at the close of the evidence.

The trial court's instructions to the jury included a statement that the issues in this case arise from a contract of insurance purchased by the plaintiff from the defendant and the statement that "this was a contract"; and also, "what that contract is, depends upon your determinaation," and further words of a general nature about the agreement between the parties and that the contract must be construed most strongly against the insuring company.

The court then said that the disputed issues are wheth-

er or not a loss occurred on April 23, 1968, and what the amount of the loss was which was covered by the insurance policy, if they find a loss did so occur.

At the close of the court's instructions, counsel were asked, "Anything further, gentlemen?" Neither requested anything and neither of them took exception to the instructions as given.

After their deliberations, the jury returned a verdict in favor of the plaintiff for $397, the full amount of her prayer.

The evidence indicated that defendant sent a "memorandum," plaintiff's Exhibit 1, to plaintiff. This exhibit contains no statement with reference to the 12-month limitation on bringing an action. Defendant's Exhibit B, which has typed thereon "duplicate policy," was identified as a copy of the policy delivered to the company having a mortgage on plaintiff's premises. It was the testimony of a representative of the mortgagee that the policy itself was destroyed by them when the policy expired and a successor policy received.

There was no evidence to the effect that the plaintiff at any time saw or read the policy held by the mortgagee.

Lines 157 through 161 of the policy, defendant's Exhibit B, read as follows:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."

Since the limitation set forth in the policy is 12 months, as compared to 15 years as fixed by R. C. 2305.06, and is urged by the defendant as a bar to this action, the burden of proof is on the defendant to establish this as a part of the contract between the parties and to do so by a preponderance of the evidence.

This was one of the issues in this case as made up by both the pleadings and the evidence, and the defendant was entitled to have this issue included in the instructions to

the jury with such clarity that the jury would be able to see that it must be dealt with specifically and not in generalities.

The appellee does not contend or argue, that if the contract found by the jury to exist between the parties contained the provision limiting the commencement of an action to 12 months, it would not be enforceable and in such a case judgment would have to be rendered in favor of the defendant.

The defendant argues that knowledge of the contents of the policy is not required, and cites *Oster* v. *Columbian National Fire Ins. Co.* (1929), 7 Ohio Law Abs. 570, as authority for this proposition. However, the facts in that case differ from the instant case in that the assured had possession of the policy in question from the time of its issuance to the time of the loss and then delivered it to the insurance company which retained possession of it. The assured contended that suit could not be brought within the year because, due to the retention of the policy, he had no means of knowledge as to the limitation.

Clearly, in that case there was no question as to the contents of the contract between the parties for it was admitted that the assured had the policy in his possession for a period of time. The plaintiff in this action denies that she ever had possession of the policy in the form urged by the defendant or that she had agreed to the terms therein.

The defendant was entitled to have the issue of whether or not the agreement between the parties included the 12-month limitation presented to the jury.

The judgment of the Hamilton County Municipal Court will be reversed and the cause remanded to that court for a new trial.

*Judgment reversed.*

Hess. P. J., and Shannon, J., concur.